IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CECILIA THOMAS,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**COOPER LIGHTING, INC.** )<br>)<br>**Defendant.** )<br>) | CV: 2:06cv193-VPm<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**I.   JURISDICTION:**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.§ 2000e et seq. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the "Civil Rights Act of 1991." The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000e et seq. providing for injunctive and other relief against sexual harassment, gender discrimination, and retaliation.

2.   The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff timely filed her charge of discrimination within 180 days of the last discriminatory act. The plaintiff timely filed this complaint within 90 days of the receipt of her right-to-sue letter from the E.E.O.C dated February 1, 2006.

**II.   NATURE OF PROCEEDINGS:**

3.   This is a proceeding for back pay, reinstatement in an atmosphere free

from sexual harassment, gender discrimination, and/or retaliation, and/or in lieu thereof front pay, a declaratory injunction enjoining Cooper Lighting Inc., from maintaining a policy, practice, custom or usage of discrimination against the plaintiff because of her sex with respect to sexual harassment, gender discrimination and retaliation. In addition, the plaintiff seeks compensatory and punitive damages against the Defendant.

### III.   PARTIES:

4.    Plaintiff Cecilia Thomas is a female citizen of the United States and a resident of Barbour County, Alabama. Thomas was employed by Defendant Cooper Lighting Inc. at its Eufaula assembly plant at all times relevant hereto.

5.    Defendant, Cooper Lighting Inc., is a corporation qualified to do business in the state of Alabama and is an employer subject to suit under Title VII.  The defendant employs over 500 persons and owns and operates various lighting fixture assembly plants throughout the United States.

### IV.   CAUSES OF ACTION:

6.    The plaintiff realleges and incorporates by reference paragraphs 1-5 above.

7.    The plaintiff began her employment with the defendant on or about February 9, 2004, as an assembler on its Eufaula production line at an hourly rate of pay of $7.85/hr.    Plaintiff was normally assigned to the second shift, working from 4:00 p.m. to 12:30 a.m.  The supervisor over the second shift is Eddie Cain, General Production Manager.  Plaintiff's immediate supervisor was Vicki Nolin.

8.    Shortly after plaintiff began her employment, she was the recipient of unwanted sexual advances made by her supervisor, Eddie Cain.  As an example of the

unwanted sexual advances, she was told that "she needed to take her clothes off" and that he wished to "have her head banging up against the headboard of his bed." The Plaintiff told Cain that she was not interested in a relationship with him, and to stop bothering her. She also threatened to report him to human resources.

9. Cain advised plaintiff that human resources would not listen to her and that she would lose her job.

10. Cain continued to harass the plaintiff and continued to make unwelcomed sexual advances toward the plaintiff. In April 2005, plaintiff reported Cain for sexual harassment, making a written complaint.

11. As a result of Thomas' complaint, she was sent home for three days. When she came back to work, she was required to meet with James Davis, Eddie Cain, and Michael Williams, a Union Representative. Cain continued to make unwanted sexual advances and remarks toward the plaintiff, while she continued to work under his supervision.

12. In July 2005, the plaintiff did not have childcare for her children and called and requested to report late to work after she arranged for childcare. Her immediate supervisor, Vicki Nolin, advised her that she would give her permission, but it would have to be approved by Cain. Cain refused to grant her discretionary supervisory time in retaliation for the plaintiff's earlier complaint of sexual harassment.

13. As a result of Cain's refusal to grant supervisory time, the plaintiff was discharged for excessive absences from work in July 2005. Cain & James Davis, who was also aware of her complaint of sexual harassment, were involved in the discharge decision.

14. There existed at all times relevant hereto at the location of the defendant's assembly plant in Eufaula, a sexually hostile work environment which affected the plaintiff. This hostile work environment included but was not limited to unwelcomed sexual overtures and advances made by supervisors; inappropriate conduct and language by supervisors and co-workers; and the refusal to appropriately investigate complaints or to take corrective remedial action after complaints were made concerning sexual harassment by supervisors.

Systematic harassment exists at the defendant company against female workers as a result of the procedures being followed and policies implemented by the defendant company.

15. Cecilia Thomas' sister, Earlona Walker, has also filed a written complaint of sexual harassment against Cain. To Walker's knowledge, no action was taken against Cain. Walker's complaint of sexual harassment preceded that of her sister. The defendant has been on notice of Cain's abuse of his supervisory powers, of his pattern and practice of harassing females and engaging in inappropriate fraternization with female subordinates. The defendant has failed in its duty to investigate complaints under Title VII and to take immediate remedial action.

16. Throughout the plaintiff's employment with the defendant, she satisfactorily performed her job duties and responsibilities. Plaintiff alleges that her discharge was pretextual, and that other employees, who have not made complaints of sexual harassment, have been treated more favorably than plaintiff when it comes to the decision whether to grant someone discretionary supervisory time.

17. As a proximate result of the aforementioned conduct of the defendant, the

plaintiff has suffered embarrassment, humiliation, financial hardship, mental distress, emotional pain and mental anguish.

18.  The actions on the part of the defendant were willful, intentional, discriminatory and in violation of the plaintiff's right to be free from sexual harassment (hostile work environment) and retaliation under Title VII.

19.  The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay (plus interest), injunctive relief and a declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

20.  The defendant engaged in the discriminatory and retaliatory practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights, thereby entitling the plaintiff to punitive damages.

## V.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are in violation of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq.

B.   Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with said Defendant and at said Defendant's request from continuing to violate Title VII of the Act of Congress

known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq..

C.   Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position that she would have held in the absence of sex discrimination, sexual harassment and retaliation, back pay (plus interest), compensatory and punitive damages, lost seniority, nominal damages, benefits and loss of pension, or in lieu there of adequate front pay.

D.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of cost, attorney's fees and expenses.

Respectfully submitted,

*Jerry Roberson*
Jerry Roberson (ROB010)
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223
Telephone:   (205) 871-1115
Fax:         (205) 871-5115
E-mail: jdratty@bellsouth.net
        tlbla@bellsouth.net

**Of Counsel:**

Albert Adams
Russel Irby Law Firm
257 West Broad Street
Eufaula, AL  36027-0910

**Please serve the Defendant by certified mail:**

Cooper Lighting Company, Inc.
The Corporation Company
200 Interstate Parkway Drive, Ste. 204
Montgomery, Al. 36109