```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

| | | |
|---|---|---|
| CECILIA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV193-VPM |
| | ) | [WO] |
| COOPER LIGHTING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 19 October 2006,, the defendants filed a Motion to Compel Discovery of the plaintiff's health record and to compel a psychological or psychiatric examination of the plaintiff, CECILIA THOMAS ["Thomas"] on the ground that she has placed her mental condition at issue (Doc. # 21). Thomas responded to the motion on 24 October 2006 (Doc. # 24). Upon consideration of the motion and the response, and for good cause, it is

ORDERED that the motion is DENIED.

Although Thomas's testimony at her deposition in April 2005 logically led to the conclusion that she blamed her alleged harasser for her stomach pains, ulcers, and general stress (See Doc. # 21), in her response, she stated unequivocally that she

- "has never sought any damages for medical treatment";

- "has never sought to recover any damages for prescription medication;

- "has never sought to recover any damages for psychological counseling;

- "realizes that trying to link the discrimination she sustained to her physical

> symptoms is a very difficult proposition; and

- "does not wish to undertake the risk of trying to prove" that the two are connected.

(Doc. # 24, pp. 3-4). Indeed, in her answer to defendant's Interrogatory No. 7, Thomas stated:

> I am not seeking reimbursement of any medical charges for discrimination in this case. I am not alleging any injury or any medical treatment was incurred as a result of discrimination. I will object to Defendant subpoenaing any medical records in my case.

(Doc. # 21, p. 4). Thomas's position on the scope of her claims is thus quite clear.

Having found that Thomas makes no claims for medical treatment or medication, however, the court admonishes her to refrain from testifying that there is a connection between her medical condition and the allegedly wrongful acts of the defendant. Thomas and the court can explain with clarity to the jury that no damages are due for physical or mental injury or medical treatment, but her testimonial persistence in connecting the discrimination to her condition would certainly confuse a jury and likely trigger unnecessary fact finding.

Thus, Thomas' counsel is strongly ADVISED to make certain that Thomas's verbal testimony is consistent with her actual claims. Thomas has assured the court that she is not making any claims that would render discovery of her medical records and a psychological examination appropriate or even needful. Because the time to amend her complaint has expired, she cannot now add new claims.

DONE this 25th day of October, 2006.

                                            /s/ Vanzetta Penn McPherson
                                            VANZETTA PENN MCPHERSON
                                            UNITED STATES MAGISTRATE JUDGE