IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CECELIA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-193-WC |
| | ) | |
| COOPER LIGHTING, INC. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3, claiming that the defendant, alleging that a supervisor sexually harassed her while she worked for the defendant and that the defendant discharged her in retaliation for complaining about this harassment. Pursuant to 28 U.S.C. 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the United States Magistrate Judge (Docs. #11-12, filed May 4, 2006).  Now pending before the court is the defendant's motion for summary judgment (Doc. #37, filed December 1, 2006), which includes a motion for Rule 11 sanctions against the plaintiff (Doc. #37, p. 41-43).  Upon consideration of the motion and for the following reasons, the court concludes that the motion for summary judgment is due to be GRANTED and the motion for sanctions is due to be DENIED.

**I.  JURISDICTION**

The plaintiff brings this action under federal statutes, namely 42 U.S.C. §§ 2000e-2,

2000e-3.  The court therefore has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

The following facts have been established by uncontroverted pleading or evidence: The defendant hired the plaintiff as an assembly line worker in February 2004, and one of her supervisors was Eddie Cain ("Cain"), general production manager for the second shift, the shift on which the plaintiff generally worked (compl. ¶ 7, answ. ¶ 7).  On Friday, April 8, 2005, after complaining about her work assignment and asking to go home early, the plaintiff told Cain and another supervisor that she was upset because Cain had sexually harassed her (Doc. #37, ex. G ¶¶ 14-19; ex. H ¶¶ 16-25).  The plaintiff, at her own request, spoke with the local union president, and afterwards said that she wanted to retract her sexual harassment charge (Doc. #37, ex. G ¶ 26, ex. H ¶ 30, ex. M. ¶ 12).  Cain had already spoken with the human resources manager, and on the advice of this manager told the plaintiff to go home, but that she should meet with the human resources manager the following Monday, April 11 (Doc. #37, ex. D ¶¶ 13, 36; ex. G ¶¶ 22, 26; ex. H, ¶ 30).

On April 11, 2006, the meeting took place, with Cain, the plaintiff, the human resources manager, and the union president all present (Doc. #37, ex. C, p. 92; ex. F, p. 136).  The plaintiff presented a handwritten complaint, stating that Cain had made a sexually explicit remark the previous April (Doc. #37, ex. C, p. 92; Doc. #52, ex. 16).  The plaintiff again stated that she wanted to withdraw her sexual harassment charges (Doc. #37, ex. B,

p. 62, 64-65; ex. G, ¶ 26; ex. H, ¶ 30).[1]

On July 5, 2005, the plaintiff was more than three hours late to work (Doc. #37, ex. L, p. 253). On July 7, 2005, the human resources manager fired her for excessive absences (Doc. #37, ex. F, p. 137, 144; ex. L, p. 254). On October 4, 2005, the plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that Cain had sexually harassed her, and that she had been fired for complaining about sexual harassment (Doc. #37, ex. A-1). On February 1, 2006, the EEOC notified the plaintiff of her right to sue under Title VII of the Civil Rights Act of 1964 (Doc. #37, ex. A-2). The plaintiff brought this action.

## III. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  When (as here) the nonmovant bears the ultimate burden of persuasion at trial, the movant can meet the standard by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating (i.e., pointing out) that the nonmovant's evidence itself is insufficient to

---

[1] The plaintiff argues that this fact is disputed because the defendant has produced no written record of the withdrawal (Doc. #51, p. 5-6). However, the defendant has produced testimony from persons with personal knowledge that the retraction occurred, and the plaintiff has not cited any specific evidence to the contrary. *See* this court's order of May 11, 2006 (Doc. #16, ¶¶ 8-9) (all discussions of evidence in briefs on summary judgment must include *specific* citations to the evidence); *Bender v. City of Clearwater*, 2006 WL 1046944 at *17 (M.D. Fla. April 19, 2006) (claims on summary judgment must be substantiated with citations to *specific* evidence in the record).  For summary judgment purposes, the fact is undisputed.

establish an essential element of his claim.  The burden then shifts to the nonmovant to make an evidentiary showing sufficient to establish each element so challenged. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993).  To satisfy this burden, the nonmovant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. *Fed. R. Civ. P.* 56(e).

For a claim of discrimination based on circumstantial evidence, the courts of the Eleventh Circuit use the summary judgment standard articulated in *Chapman v. AI Transport*, 229 F.3d 1012, 1024-25 (11th Cir. 2000), *citing McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981).  Under that standard, the plaintiff has the initial burden of establishing a prima facie case of discrimination.  To establish a prima facie case, he must show that (1) he is a member of a class protected by Title VII, (2) he was qualified for his position, (3) he suffered an adverse employment effect, and (4) he suffered from differential treatment because of membership in the protected class.  *Kelliher v. Veneman*, 313 F.2d 1270, 1275 (11th Cir. 2000).

A plaintiff who does this creates a presumption (for summary judgment purposes) that the employer unlawfully discriminated against the employee.  If the employer articulates a legitimate, nondiscriminatory reason for the challenged action, then the presumption of discrimination is eliminated.  The plaintiff then has the opportunity to bring evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were pretextual.  If the plaintiff does not provide such evidence, then the defendant

is due summary judgment.  *Chapman*, 229 F.3d at 1024-25.

The courts of this circuit use a nearly identical standard for claims of retaliation under 42 U.S.C. § 2000e-3(a), when those claims are based on circumstantial evidence.  To establish a prima facie case, a plaintiff must show that (1) he engaged in a statutorily protected expression, (2) he suffered an adverse employment action, and (3) there is a causal link between the expression and the adverse action.  If the employer articulates a legitimate, nondiscriminatory reason for the challenged action, then the presumption of discrimination is eliminated.  The plaintiff then has the opportunity to bring evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were pretextual. If the plaintiff does not provide such evidence, then the defendant is due summary judgment. *Holifeld v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997).


# IV. DISCUSSION

## A.  The Plaintiff's Claims

Under 42 U.S.C. 2000e-5(e)(1), a plaintiff cannot bring a Title VII claim unless he first files a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  *Pijnenburg v. West Georgia Health System, Inc.*, 255 F.3d 1304, 1305-06 (11th Cir. 2001).  Furthermore, a plaintiff cannot amend his complaint by means of a summary judgment response. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2005); *Boyd v. Province Healthcare Co., Inc.*, 2005 WL 3132394 at *9 (S.D. Ala. Nov. 22, 2005).  Thus, the only claims properly before this court are those that (1) appear in the

plaintiff's EEOC charge, and (2) also appear in the plaintiff's complaint.

In her EEOC charge (Doc. #37, ex. A-1), the plaintiff alleged that Cain "began making sexual advances" towards her "shortly after" she began work in 2003 (compl. ¶ 9); that he specifically said he needed for her to take her clothes off and to "have [her] head banging up against the headboard of [his] bed" in April 2004 (compl. ¶ 9); that he responded to her threat to report him by saying that she would not be listened to and would lose her job (compl. ¶¶ 9-10); that she reported his conduct to Nolin at an unspecified time but that "nothing was ever done"; that Cain "continued to make unwelcome[] sexual advances" (compl. ¶ 10); that the defendant's Human Resources department sent her home for three days in April 2005, after she told Cain and Nolin that she was going to report Cain for harassment (compl. ¶¶ 10-11); that Cain "continued his sexual advances" after she made her written complaint in April 2005 (compl. ¶ 11); that she was fired when Cain refused to approve her use of "supervisory leave time" in July 2005 (compl. ¶ 12); and that this firing was pretextual because "white employees who did not complain of harassment have missed as many days and were not fired."[2]   These are the only factual claims properly before this court and the only ones that will be considered on this motion.

The complaint in two places specifies the plaintiff's theories of recovery: "a sexually hostile work environment which affected the plaintiff....[including] unwelcome[] sexual overtures and advances...and the refusal to appropriately investigate complaints or to take

---

[2] The complaint contains a similar claim, that "other employees, who have not made complaints of sexual harassment, have been treated more favorably than plaintiff when it comes to the decision whether to grant someone discretionary supervisory time" (compl. ¶ 16).

corrective remedial action" (compl. ¶ 14); and "violation of the plaintiff's right to be free from sexual harassment (hostile work environment) and retaliation under Title VII" (compl. ¶ 18).

**B.  Sexual Harassment Claims and Withdrawal**

In her response to the plaintiff's motion to conduct a physical examination, the plaintiff wrote as follows: "The plaintiff will stipulate that she is withdrawing her claim of sexual harassment.  Plaintiff's claims are only for gender discrimination and retaliation under Title VII"  (Doc. #24, filed October 24, 2006, p. 3).

A month later, after repeated assertions by the defendant that the plaintiff had withdrawn all her sexual harassment claims, the plaintiff wrote as follows:

> Defense counsel makes the misrepresentation that Cecilia Thomas has dismissed her sexual harassment claims.  Said statement is not an accurate one. Thomas...has dismissed her claim that she was subjected to a hostile work environment.  She simply does not wish to pursue her claim...that she has to prove that the alleged sexual harassment was "severe or pervasive".  Rather, she is only making a claim what was previously described as quid pro quo sexual harassment.  Or, in the Supreme Court decisions after *Faragher*, she claims she was subjected to a tangible employment action after she was sexually harassed by her supervisor....

(Doc. #30, filed November 27, 2006, p. 2).  The plaintiff's assertion is confusing on several grounds: (1) because the original "withdrawal" statement was, on its face, categorical; (2) because the *context* of this withdrawal was an effort to show that the defendant should not be allowed to investigate the plaintiff's emotional distress (and whether it was caused by

sexual harassment) by means of a psychiatric examination;[3] (3) because the only sex discrimination claim that appears in the complaint is the claim for sexual harassment, and the complaint explicitly demands relief based on a hostile work environment; (4) because the claim that the plaintiff was "subjected to tangible employment action after she was sexually harassed" apparently describes only the retaliation claims (the complaint explicitly ties these actions only to the plaintiff's *complaints* of harassment, as required for a retaliation claim, and not to a refusal to submit to sexual demands); and (5) because, despite the court's warning (Doc. #46, entered December 21, 2006, n.1) that the issue of withdrawal would be considered in deciding this motion, the plaintiff has not elected to brief the issue.

The plaintiff's brief clarifies point (3); she attempts to add a claim of sex discrimination because she claims a male employee missed as many days of work as she did, yet was not fired (Doc. #51, filed December 27, 2006, p. 21).   Because no such claim appears in the complaint, it will not be considered. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2005) (a complaint cannot be amended by a summary judgment response).   With respect to point (4), the plaintiff argues that her having been sent home for three days was an adverse employment action based on her rejection of sexual advances by Cain (Doc. #51, filed December 27, 2006, p. 16-19).   However, neither her EEOC charge

---

[3] Per the Supreme Court's ruling in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 753-54 (1998), the distinction between "hostile environment" and "quid pro quo" sexual harassment lies in whether alleged threats to take adverse employment action were carried out.  This distinction does not control whether the harassment itself caused mental anguish while the plaintiff worked for the defendant, and is therefore not germane to the court's decision on the motion for a psychiatric examination.  Why the plaintiff would make an unspoken distinction on this issue in the context of a response to that motion is unclear.

nor her complaint contains any such claim;[4] instead, she has added it in her summary judgment response brief.  Under *Gilmour*, 382 F.3d at 1315, this is impermissible, and neither the sex discrimination claim nor the quid pro quo claim described in the plaintiff's brief is properly before this court.  Furthermore, the plaintiff has consistently maintained that her claims based on a hostile work environment have been withdrawn.  Thus, no sexual harassment claim is properly before this court.

## C.  Retaliation Claims

With respect to retaliation, the defendant first argues that the plaintiff did not engage in protected conduct, because she did not have a good faith, objectively reasonable belief that the defendant engaged in discrimination.  A plaintiff's opposition[5] to unlawfully discriminatory employment practices is protected by 42 U.S.C. § 2000e-3(a) if the plaintiff reasonably believes that unlawful discrimination took place.  *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140-41 (5th Cir. 1981).  The belief must be held in good faith and must also be objectively reasonable; however it need not be factually or

---

[4] The complaint explicitly ties this action to the plaintiff's *complaint* of sexual harassment (compl. ¶ 11), and it will therefore be considered only with respect to the plaintiff's retaliation claim.  The only harassment incident described in the complaint with any particularity includes no threat to have the plaintiff fired or suspended if she does not carry out Cain's wishes, but only a threat that she would lose her job if she complained about his remarks.

[5] The retaliation charges properly before the court can be considered only under the opposition clause, not the participation clause, of 42 U.S.C. § 2000e-3(a).  This is because the plaintiff did not file her EEOC complaint until after the adverse employment actions named in the complaint (her suspension and termination).  *E.E.O.C. v. Total Systems, Inc.*, 221 F.3d 1171, 1174 & n.2, n.3 (11th Cir. 2000) ("So, at a minimum, some employee must file a charge with the EEOC...or otherwise instigate proceedings under the statute for the conduct to come under the participation clause....").

legally correct. *Little v. United Technologies, Carrier Transicold Division*, 103 F.3d 956, 960 (11th Cir. 1997).

The defendant argues that the plaintiff had no subjective good faith belief in her complaint of sexual harassment because she orally retracted her sexual harassment complaint twice (Doc. #37, ex. B, p. 62, 64-65; ex. G ¶ 26; ex. H ¶ 30; ex. M. ¶ 12) and because she failed to file a grievance against Cain with her union, even when Williams gave her the opportunity to do so (Doc. #37, ex. C, p. 29, 31-32, 48, 51-53, 92, 98-101, 107-09). In responding to this argument (Doc. #51, p. 5), the plaintiff cites "the improper comments made by Cain as reported by not only Thomas but by Shavone Young." By this, the plaintiff presumably[6] refers to the contents of her EEOC charge (Doc. #37, ex. A) and the affidavit of Shavone Young (Doc. #52, ex. 13). The plaintiff's EEOC charge is verified, and a verified pleading may be treated as an affidavit for summary judgment purposes if it meets the requirements of Rule 56(e). *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980); *Horne v. Russell County Commission*, 379 F. Supp. 2d 1305, 1323 (M.D. Ala. 2005). The Young affidavit is likewise sufficient for consideration under Rule 56(e). The court will therefore consider the testimony in these documents, but only insofar as it meets the requirements of Rule 56.

The only testimony in the EEOC charge that is relevant, based on personal

---

[6] *See* this court's order of May 11, 2006 (Doc. #16, ¶¶ 8-9) (all discussions of evidence in briefs on summary judgment must include *specific* citations to the evidence); *Bender v. City of Clearwater*, 2006 WL 1046944 at *17 (M.D. Fla. April 19, 2006) (claims on summary judgment must be substantiated with citations to *specific* evidence in the record). The plaintiff's handwritten complaint (Doc. #52, ex. 16) is not an affidavit within the meaning of *Fed. Rul. Civ. P.* 56(e).

knowledge, and specific enough to be considered is the plaintiff's testimony that

> In April of 2004, [Cain] told me, "I need you to take your clothes off and have your head banging up against the headboard of my bed." I informed him that I was going to report him to the human resources manager. Cain told me, "they were not going to listen to you" and I would "lose my job."

(Doc. #37, ex. A-1).[7]  In her affidavit, Young testifies that Cain made three other remarks in her presence and the plaintiff's: that the plaintiff's breasts were too big, that the plaintiff's underclothes were her children's swing set, and "look at all that ass" (Doc. #52, ex. 12).[8] The parties (Doc. #37, p. 19-20; Doc. #53, p. 3-4) point out parts of the plaintiff's deposition in which she more or less confirms these four statements, but no others (Doc. #37, ex. L, p. 249-50, 181, 184, 191, 386-88). According to this testimony, three of the four remarks occurred on a single day and the plaintiff could not remember when the fourth occurred.

If, as the plaintiff contends, Cain explicitly expressed a desire for sex with her and made three references to her anatomy, it is possible that she subjectively believed, in good faith, that he committed unlawful sexual harassment.  The defendant's evidence that she twice stated that she wished to withdraw her charges and that she declined to file a grievance with her union may well be relevant to the credibility of her testimony, but the court may not weigh credibility in deciding a motion for summary judgment. *Moorman v. UnumProvident*

---

[7] The plaintiff's claims that Cain "continued his unwelcome sexual advances" are too vague for consideration without more.  *See Fed. Rul. Civ. P.* 56(e) (to be considered on summary judgment, affidavits must "set forth *specific* facts showing that there is a genuine issue for trial").

[8] Young's testimony that the plaintiff told her that Cain "would make advances and comments when she was not around anyone else" is, of course, hearsay, and therefore does not "set forth such facts as would be admissible in evidence," as required for consideration under Rule 56(e).

11

*Corp.*, 464 F.3d 1260, 1265 n.1 (11th Cir. 2006).  The plaintiff's testimony in her verified EEOC charge and deposition, together with the affidavit of Shavone Young, is sufficient to establish an issue of material fact with respect to her subjective good faith.

The defendant also argues that the plaintiff's charge of sexual harassment was not objectively reasonable.  In determining whether a charge of discrimination is objectively reasonable, the court refers to and assumes knowledge of existing substantive law.  *See Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388-89 & n.2 (11th Cir. 1998) (court looked to appellate decisions to determine whether a company grooming policy could reasonably be considered discriminatory, and charged the plaintiff with substantive knowledge of the law).  To be actionable under Title VII, sexual harassment must either explicitly affect the plaintiff's terms and conditions of employment, because tangible employment actions are conditioned on acceptance or rejection of sexual overtures, or else incidents of a sexual nature must be so severe and pervasive as to alter the terms and conditions of employment implicitly.  *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 21 (1993); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245-46 (11th Cir. 1999).  As none of the alleged remarks include any threat or offer to take tangible employment actions if sexual favors are refused or granted, the court examines them for severity and pervasiveness.

Uncontroverted testimony shows that the incidents, if they occurred at all, were four in number and occurred on two days. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (isolated incidents, "unless extremely serious," will not support Title VII claim);

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22 (1993) (courts look to frequency of alleged conduct in determining whether it affected terms and conditions of employment); *Mitchell v. Pope*, 189 Fed. Appx. 911, 913 (11th Cir. July 14, 2006) (sixteen instances, mostly crude remarks, over four years were "not that frequent" for purposes of sexual harassment analysis).   Three of these remarks, while crude and anatomical, did not refer to sexual intercourse, *see Tatt v. Atlanta Gas Light Co.*, 138 Fed. Appx. 145, 148 (11th Cir. May 11, 2005) (remarks and conduct "not of a sexual nature," even if crude and anatomical, do not contribute to a sexual harassment claim); and the plaintiff has offered no evidence that Cain repeated his single proposition after she refused and threatened to report him.   All four incidents were objectively rude rather than threatening or humiliating. *See Harris*, 510 U.S. at 22 (courts look to whether alleged conduct is threatening or humiliating as opposed to offensive in determining whether it affected terms and conditions of employment); *see also Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245-47 (11th Cir. 1999) (collecting cases).

Thus, the conduct described by the plaintiff was not close enough to the standards for sexual harassment to make her complaint "objectively reasonable" within the meaning of *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388-89 (11th Cir. 1998). Since the plaintiff's charge of sexual harassment was not objectively reasonable, the plaintiff's complaint of sexual harassment was not protected conduct under Title VII, and the defendant's suspension and discharge of the plaintiff could not have been actionable retaliation under  42 U.S.C. § 2000e-3(a).   The defendant is due summary judgment.

***D.  Defendant's Motion for Sanctions***

On pages 41-43 of its brief, the defendant argues that the case is frivolous within the meaning of Rule 11 of the *Federal Rules of Civil Procedure* and requests sanctions.  The plaintiff's request does not comply with section (c)(1)(A) of that rule, which requires any such motion to be made separately.  This motion will be denied.

## V. CONCLUSION

Based on the foregoing analysis, it is

ORDERED that the defendant's motion for summary judgment be and hereby is GRANTED, that the defendant's motion for sanctions be and hereby is DENIED, and that all other pending motions be DENIED AS MOOT.

Done this 5th day of January, 2007.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

14